**Opinion issued August 21, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00292-CV

———————————

## IN RE BRANDY BRENAY CHARLES AND PROPHET RONALD DWAYNE WHITFIELD, Relators

---

**Original Proceeding on Petition for Writ of Mandamus**

---

### MEMORANDUM OPINION

Relators, Brandy Brenay Charles and Prophet Ronald Dwayne Whitfield, filed a pro se petition for a writ of mandamus challenging the denial of their right to be heard to present their defense in the underlying termination proceeding, seeking to compel the respondent district judge to give them a trial by jury, and to be heard on all motions, including the withdrawal of their trial counsel and appointment of new

counsel.[1] Generally, to be entitled to mandamus relief, relators must establish that the trial court clearly abused its discretion and that they lack an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). The relators bear the burden of proving both of these two requirements. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

On July 11, 2018, a clerk's record was filed in this Court containing, among other documents, pro se original and amended and supplemental notices of appeal and relator Charles's first amended notice of appeal, filed by counsel from the final decree for termination, signed by the respondent on May 3, 2018. This Court takes judicial notice that relators' notices of appeal have been assigned by the Clerk of this Court to appellate cause number 01-18-00485-CV, for which relators have been appointed counsel. *See In re Chaumette*, 456 S.W.3d 299, 303 n.2 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (noting appellate court may take judicial notice of its own records in related proceeding involving same parties).

Thus, because relators have filed a notice of appeal of the final decree for termination, which remains pending under appellate cause number 01-18-00485-CV, they have an adequate appellate remedy to challenge the denial of their right to be heard to present their defense. *See Walker*, 827 S.W.2d at 840 (mandamus relief

---

[1] The underlying case is *In the Interest of K.L.W., A Child*, Cause No. 2017-02559J, in the 314th District Court of Harris County, Texas, the Honorable John Phillips presiding.

is not available when adequate appellate remedy exists); *see also In re Esparza*, No. 14–16–00748–CV, 2016 WL 5947445, at \*1 (Tex. App.—Houston [14th Dist.] Oct. 13, 2016, orig. proceeding) (per curiam) (mem. op.) (citations omitted) ("Except in unusual circumstances, not applicable here, mandamus relief is not available after a final judgment has been issued because relator then has an adequate remedy by direct appeal.").

Accordingly, we deny the petition for writ of mandamus because relators have an adequate appellate remedy. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Massengale.